FILED
2007 Jan-31 PM 12:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMY SMITHSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:06-CV-1681-RDP |
| ) | |
| KENNETH RANDALL McCLARY, as ) | |
| alter ego of SUCCESS STAFFING ) | |
| CORPORATION, d/b/a HR Success, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

**I.   INTRODUCTION**

Pending before the court is Defendant's Motion to Dismiss or Motion to Transfer (Doc. #7) filed on October 17, 2006.  The motion has been fully briefed and came under submission on October 30, 2006.  For the reasons set forth below, the court finds Defendant's motion is due to be denied.

**II.   STATEMENT OF FACTS**

On June 6, 2001 Plaintiff commenced a lawsuit in the Northern District of Alabama styled *Amy Smithson v. Success Staffing Corporation d/b/a HR Success* ("Lawsuit"), case number CV01-AR-1447-S, for alleged violations of Plaintiff's rights under Title VII, 42 U.S.C. §2000e *et seq.* (Doc. # 1 ¶ 5).  In December 2001, Defendant purchased all shares of stock of the defendant in the Lawsuit, Success Staffing Corporation ("Success").  (Doc. # 1 ¶ 6).  Success defended itself in the Lawsuit prior to Defendant's purchase of the stock.  (Doc. # 1 ¶ 7).  However, after purchasing Success's stock, Defendant fired counsel defending the Lawsuit.  (Doc. # 1 ¶ 8).  The motion of

Success's counsel to withdraw was granted on July 2, 2002. (Doc. # 1 ¶ 9). Defendant failed to take any further steps to defend Success in the Lawsuit. (Doc. # 1 ¶ 10).

The Lawsuit was set for trial on July 22, 2002, and Defendant was informed of the trial date. (Doc. # 1 ¶ 11). When the Lawsuit was called for trial on July 22, 2002, Success failed to appear. (Doc. # 1 ¶ 12–13). There was no default judgment entered. Instead, the case was tried on the issue of liability under Title VII, and the jury found for Plaintiff, awarding her a judgment of $306,274.52 against Success. (Doc. # 1 ¶ 14–15). On August 1, 2002, the court entered a final judgment in the Lawsuit in the amount of $306,274.52 plus $23,000 in attorney's fees for Plaintiff against Success. (Doc. # 1 ¶ 16). Defendant took no steps to move to set aside or appeal the judgment, or otherwise defend Success. (Doc. # 1 ¶ 17). Further, Plaintiff alleges that Defendant also performed various acts indicating Defendant was using Success as his alter ego, including: (1) failing to capitalize or undercapitalizing Success; (2) neglecting to take any steps to enable Success to be profitable; (3) commingling Success's assets with his own and/or another businesses he owned; and (4) diverting the Success's existing customers to one or more other companies he owned. (Doc. # 1 ¶ 18). Success is insolvent and unable to satisfy any part of the judgment in the Lawsuit. (Doc. # 1 ¶ 19; Doc. # 10 at 24).

### III.   DISCUSSION

Defendant has challenged the sufficiency of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(1) (claiming the court lacks jurisdiction over the subject matter), Rule 12(b)(2) (contesting the court's jurisdiction over the Defendant's person), Rule 12(b)(3) (contending that

venue is improper), and Rule 12(b)(6) (asserting the complaint failed to state a claim upon which relief may be granted).  FED. R. CIV. P. 12(b)(1), (2), (3) & (6).  The court will discuss each of Defendant's grounds in turn.

      **A.**      **Subject Matter Jurisdiction**

Defendant's initial contention is that this court lacks jurisdiction over the subject matter of this case.[1] (Doc. # 7). However, accepting the factual allegations in the complaint (Doc. #1) as true, this court undoubtedly has subject matter jurisdiction in this case.  Plaintiff prosecutes a creditor's bill demanding the payment of $329,274.52, which reflects a previous judgment obtained by Plaintiff against Success, and, by suing Defendant directly, alleges Success is Defendant's alter ego. (Doc. # 1).  *See generally Backus v. Watson*, 619 So. 2d 1342, 1343 (Ala. 1993).  Plaintiff is a resident of Alabama, and by his own admission, Defendant is a resident of South Carolina. (Doc. # 7; Doc. # 12 Ex. A).  Thus, there exists a complete diversity of citizenship between the parties and the amount in controversy exceeds the $75,000 threshold, giving this court jurisdiction under 28 U.S.C. § 1332.

      **B.**      **Personal Jurisdiction**

This court's personal jurisdiction over Defendant is a more complicated matter.  Defendant is a resident of South Carolina. (Doc. # 12 Ex. A).  Plaintiff obtained a judgment against Success, a company that both parties admit had sufficient contacts with Alabama so as to be subject to the jurisdiction of its courts, and now alleges that Defendant is using the company as his alter ego. (Doc. # 9 at 6; Doc. 12 at 1).  Apparently, Plaintiff's position is that this court will ultimately be called upon to pierce the corporate veil to reach Defendant, Success's sole shareholder, so as to enforce the existing judgment against him instead of the insolvent company.  For the reasons outlined below,

---

[1] It appears that Defendant has abandoned this argument in his reply brief. (Doc. # 12).

3

the court believes Plaintiff has successfully alleged facts sufficient to assert this court's jurisdiction over Defendant.[2]

Under Alabama law, because Defendant has raised a challenge to personal jurisdiction, the burden to establish personal jurisdiction is on Plaintiff. *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir.1992), *cert denied*, 507 U.S. 983 (1993). To meet her burden, Plaintiff "'need only establish a prima-facie case of jurisdiction, and may do so by presenting evidence sufficient to defeat a motion for judgment as a matter of law . . . .'" *Redmon v. Soc'y & Corp. of Lloyd's*, 434 F. Supp. 2d 1211, 1217 (M.D. Ala. 2006) (quoting *S. Ala. Pigs, LLC, v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1257 (M.D. Ala.2004); *see also Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Thus, Plaintiff must provide "legally sufficient evidence . . . to create a genuine issue of material fact . . . [and] the court . . . must take all allegations of the complaint that the defendant does not contest as true, and, where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff[s]." *Redmon*, 434 F. Supp. 2d at 1217; *see also Delong Equip. Co. v. Washington Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988).

Plaintiff's burden in response is to "establish that personal jurisdiction over the defendant comports with (1) [Alabama's] long-arm statute and (2) the requirements of the due-process clause of the Fourteenth Amendment to the United States Constitution." *S. Ala. Pigs*, 305 F. Supp. 2d at 1257 (citing *Williams Elec. Co. v. Honeywell, Inc.*, 854 F.2d 389, 391 (11th Cir. 1988) (per curiam).

---

[2]Obviously, it would be premature for the court to reach the question of whether Defendant is, in fact, using Success as his alter ego.

Alabama's long-arm statute authorizes the assertion of personal jurisdiction to the limits of the United States Constitution. ALA. R. CIV. P. 4.2(b).³ Accordingly, Plaintiff's burden requires proof that personal jurisdiction over Defendant meets the requirements of federal due process. *Morris v. SSE, Inc.*, 843 F.2d 489, 494 n. 3 (11th Cir.1988); *see also Brock v. Hutto*, 617 F. Supp. 623, 629 (M.D. Ala.1985). Due process requires first that Defendant has had "minimum contacts" with the forum state, such that "he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–476 (1985) (quoting *International Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) and *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)), and, second, that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burnham v. Super. Ct. of California*, 495 U.S. 604, 618 (1990) (quoting *Int'l Shoe*, 326 U.S. 310, 316 (1945)). Both conditions must be satisfied to establish personal jurisdiction over a defendant. Where there is a "lesser showing of minimum contacts," the following items "sometimes

---

³4.2  LIMITS OF EFFECTIVE SERVICE

(a) In-State Service.

. . .

(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States; or, the person or entity is sued in the capacity of guardian of a ward, or executor, administrator, or other personal representative of an estate, for the acts or omissions of a decedent or ward, and the person or entity so sued does not otherwise have sufficient contacts with this state in that capacity, but the decedent or ward would have been deemed to have sufficient contacts with this state if the action could have been maintained against the decedent or ward.

ALA. R. CIV. P. 4.2(b).

serve to establish the reasonableness of jurisdiction": "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Rudzewicz*, 471 U.S. at 477 (quoting *World-Wide Volkswagen*, 444 U.S. at 292 (internal quotation marks omitted)).

Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. "General contacts, which give rise to general personal jurisdiction, consist of the defendant's contacts with the forum state that are unrelated to the cause of action and that are both 'continuous and systematic.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9 (1984) (citations omitted). To establish general jurisdiction, the contacts must also be sufficiently "substantial." *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446–47 (1952). On the other hand, specific contacts giving rise to specific jurisdiction consists of the defendant's contacts with the forum state that are related to the cause of action. *Rudzewicz*, 471 U.S. at 472–75; *see also Leventhal v. Harrelson*, 723 So. 2d 566, 569 (Ala.1998) (citations omitted).

In this case, the court finds that Plaintiff has alleged facts sufficient to establish that Defendant is subject to both specific and general personal jurisdiction.[4] As to specific jurisdiction,

---

[4]Defendant has not contested most jurisdictional facts, but only the weight the court should give to them. (Doc. # 12). Those facts contested by Defendant in his affidavit—that he "do[es] not transact business in Alabama" and he "did not commingle any personal funds or pay any personal expenses from the assets of Success"—are insufficient to convince this court that it does not have jurisdiction over Defendant. (Doc. # 12 Ex. A). However, even if these disputed facts were objectively adequate for Defendant to avoid this court's authority, the court "must take all allegations of the complaint that the defendant does not contest as true, and, where the parties' affidavits conflict, the court must construe all reasonable inferences in favor of the plaintiff[s]." *Redmon*, 434 F. Supp. 2d at 1217.

Defendant purchased all of Success's shares, albeit after the acts complained of in the Lawsuit had occurred. (Doc. # 12 Ex. A). This fact, coupled with Plaintiff's allegations that Success—an Alabama corporation (Doc. # 10 at 25–28)—was no more than a sham or shell company, that Defendant looted Success for the purpose of avoiding this judgment, and that Defendant did not observe corporate formalities as required by Alabama law, is sufficient to demonstrate the Defendant's specific contacts giving rise to specific jurisdiction. (Doc. # 1 ¶¶ 6–10, 17–19). These contacts with Alabama and its residents are the basis of the Plaintiff's claim that her earlier judgment against Success has gone unsatisfied. Defendant adamantly insists that since the events in the underlying employment discrimination lawsuit occurred before he purchased Success's stock he should be absolved of liability in the present lawsuit. (Doc. # 12 Ex. A). But Plaintiff's claim in *this* case is not that Defendant, as her employer, discriminated against her in violation of Title VII, but rather that Defendant, by his actions in relation to the management of Success and defense of the Lawsuit, intentionally caused Success not to be able to pay the judgment. (Doc. # 1). These allegations, which the court must accept as true for purposes of the motion to dismiss, demonstrate that Defendant had specific contacts with Alabama that are related to the instant case and engaged in "efforts [that were] purposefully directed toward residents" of Alabama. *Rudzewicz*, supra, 471 U.S. at 476; *see also Gladbach v. Sparks*, 468 So. 2d 143 (Ala. 1985) (a single event or act may be enough to establish minimum contacts if its effects are substantial within the forum state); *Ex Parte Sekeres*, 646 So. 2d 640, 642 (Ala. 1994); *Brooks v. Inlow*, 453 So. 2d 349, 355 (Ala. 1984).

Defendant is also subject to general personal jurisdiction due to his continuous business activities in Alabama during the relevant time period. In addition to purchasing Success, from 1999 to 2001 Defendant also was president of Data Express, Inc., a payroll company located in Birmingham and incorporated under Alabama law. (Doc. # 10 at 3–10). Furthermore, Defendant made business loans to Alabama residents secured by Alabama property and purchased the receivables of a company located and doing business in Alabama—a financing mechanism known as "factoring." (Doc. # 10 12–15). As a result of the company's default on these loans and factoring arrangement, Defendant filed a federal lawsuit in this district in 1999 when the loans were not repaid, bringing claims under Alabama state law. (Doc. # 10 at 11–22). His loans to Alabama businesses, efforts to collect those loans, and involvement with several Alabama companies as either an officer or shareholder shows Defendant carried on "a continuous and systematic, [even if] limited, part of [his] general business" in Alabama. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 435 (1952); *see also View-All, Inc. v. United Parcel Servs.*, 435 So. 2d 1198, 1201–1202 (Ala. 1983). Nevertheless, Defendant avers that since he has never resided in Alabama, he cannot be subject to personal jurisdiction in the state; however, it is well settled that physical presence, much less residency, is not required to establish personal jurisdiction over a defendant. *Sudduth v. Howard*, 646 So.2d 664, 667 (Ala.1994) (physical presence in Alabama is not a prerequisite to personal jurisdiction over a nonresident).[5]

---

[5] In fact, the court fails to see the merit of this argument made by Defendant. If a state's jurisdiction could never reach a non-resident, then the very concept of diversity jurisdiction—predicated on a controversy between residents of different states—would be superfluous.

Moreover, even if Plaintiff had established only a "lesser showing of [Defendant's] minimum contacts" with Alabama, the court should consider the following items, which "sometimes serve to establish the reasonableness of jurisdiction": "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Rudzewicz*, 471 U.S. at 477 (quoting *World-Wide Volkswagen*, 444 U.S. at 292 (internal quotation marks omitted)). After considering each of these factors, the court finds that each item militates in favor of asserting this court's jurisdiction over Defendant in this case. Defendant, having previously engaged in business transactions in the state, engaged counsel in the state, and retaining his primary accountant in the state, cannot now claim to be overly burdened by being made to appear in this case. (Doc. # 10). Alabama has a direct interest in both the present dispute and underlying case, as both are predicated upon events occurring within its jurisdiction and directly affecting its residents, and the underlying case was brought and decided in this very district. (Doc. # 1; Doc. # 12 Ex. A). Plaintiff has already litigated the claims involved in the underlying lawsuit and has a compelling interest in obtaining convenient relief, including a judgment she has already been awarded. Undoubtedly, the interstate judicial system would benefit from an efficient resolution of this case, which can be easily had in the district trying the underlying cause. Any inconvenience presented by records located outside Alabama is outweighed by the benefit of a quick resolution of this case in a court with direct access to the materials in the underlying actions and that is already familiar with the record. Moreover, any such inconvenience is easily remedied in today's world of overnight shipping, faxing, and electronic transmission. Finally, this court concludes it would be in the shared

interest of the several states to exercise jurisdiction in this case, since Defendant is accused of intentionally mismanaging and looting a company outside his state of residence so that it would not be able to satisfy a judgment and then attempting to use his residency and corporate role as a jurisdictional shield. Clearly, the states have a collective interest in insuring that Plaintiffs are properly compensated after obtaining judgments and in protecting the integrity of the corporate form, which underlies the foundation of our interstate and intrastate economies.

The second due process requirement, that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice," is also satisfied here. In addition to considering the factors listed in the preceding paragraph, see *Rudzewicz*, 471 U.S. at 477, the Supreme Court has often framed this inquiry as whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen*, 444 U.S. at 297. In an earlier case, the Supreme Court underscored that the defendant who avails himself of legal and economic benefits in a forum state cannot avoid those reciprocal burdens once sued. "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Deckla*, 352 U.S. 235, 253 (1958). One who makes loans in a foreign state does business in a foreign state, even if making loans is not his primary business. And when one uses the courts of the foreign state to collect on loans, it follows that he should reasonably anticipate being subject to the forum state's jurisdiction. Since Defendant has taken advantage of the protections afforded by Alabama's laws and has conducted substantial

activities in this state, justice requires that he accept the legal burdens sometimes attendant on his business dealings along with the benefits he has previously enjoyed.[6]

### C.     Venue

Defendant claims that venue is improper because his records and those of Success Staffing Corporation are in South Carolina.[7]  (Doc. # 7 ¶ 3).  Defendant's argument appears to be one of *forum non conveniens* under 28 U.S.C. §1404(a) rather than an absence of proper venue under 28

---

[6]As alternative ground for finding that personal jurisdiction exists over Defendant, the court notes that Plaintiff has asserted that Success—and there being no question as to this court's jurisdiction over that Alabama corporation—is his alter ego, such that the corporate veil should be pierced to establish jurisdiction over Defendant.  In such cases, Alabama and federal courts have found that personal jurisdiction over the corporation establishes personal jurisdiction over an individual who is its alter ego. *HomeBingo Network, Inc. v. Chayevsky*, 428 F. Supp. 2d 1232, 1246 (S.D. Ala. 2006) *Ex parte Puccio*, 923 So.2d 1069, 1076 (Ala. 2005) ("If a corporation is the alter ego of an individual, then the court may disregard the corporate form and exercise personal jurisdiction over the individual."); *Thames v. Gunter-Dunn, Inc.*, 373 So. 2d 640, 642 (Ala. 1979). Because the determination of whether or not Success is Defendant's alter ego would require a more intense analysis (and that analysis may also prove dispositive of the ultimate issue in the case) the court finds it unnecessary in light of its decision that both specific jurisdiction and general jurisdiction exist over the Defendant.

[7]As with his initial challenge to this court's subject matter jurisdiction, it appears that Defendant has abandoned this argument in his reply brief, as the only mention of the word "venue" appears on the last page, where, as an alternative to a complete dismissal of the case, Defendant "moves to transfer venue to the United States District Court for South Carolina." (Doc. # 12 at 3–4). Because Defendant has not informed the court, through a satisfactory pleading, the statutory basis for his motion to transfer venue, the court has been forced to speculate as to the applicable statute, but will not speculate as to Defendant's argument.

U.S.C. §1391.[8] The Middle District of Alabama has provided a useful summary of the law on *forum non conveniens* in *Johnston v. Foster-Wheeler Constructors, Inc.*:

> District courts have broad discretion in deciding whether to transfer an action to a more convenient forum. However, the plaintiff's privilege of choosing his venue, at the very least, places the burden on the defendant to demonstrate why the forum should be changed. Section 1404(a) provides for transfer to a more convenient forum, but not to one which is likely to prove equally convenient or inconvenient. If the transfer would merely shift the inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, the plaintiff's choice of venue should be given deference.

158 F.R.D. 496, 503 (M.D. Ala. 1994) (internal citations and quotation marks omitted).

Defendant has not met his burden of proving why Plaintiff's "privilege of choosing [her] venue" should be overridden. *Id.* at 503. The only support he offers for his motion to transfer is the location of his records and his personal residence in South Carolina. (Doc. # 12 Ex. A). However, Plaintiff's records are located in Alabama and Plaintiff is an Alabama resident. (Doc. # 1). Since any convenience to be gained by Defendant in transferring the case to South Carolina would be commensurately lost by Plaintiff, and since a "substantial part of the events or omissions giving rise to the claim occurred" in this district, 28 U.S.C. §1391(a)(2), transfer under §1404 is unwarranted.

---

[8]If Defendant is actually arguing that venue is improper under 28 U.S.C. §1391(a), such an argument would be unfounded because a "substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(a)(2). Defendant's purchase of Success's shares, his discharge of Success's former counsel in the Lawsuit, his decision not to defend the Lawsuit, his alleged looting and mismanagement of Success, and his alleged failure to observe the corporate formalities of an Alabama corporation all occurred in Alabama and form the underlying basis for the present case. Some relevant events may have also occurred elsewhere, but that does not disqualify this district as a proper venue for suit. *Morgan v. North MS Medical Center, Inc.*, 403 F. Supp. 2d 1115, 1122–23 (S.D. Ala. 2005) (noting that §1391 "contemplates some cases in which venue will be proper in two or more districts" and that "a plaintiff does not have to select the venue with the most substantial nexus to the dispute, as long as she chooses a venue where a substantial part of the events giving rise to the claim occurred.")

**D.     Rule 12(b)(6) Motion to Dismiss**

    **1.     Standard of Review**

A court may dismiss a complaint under Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957).  In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded factual allegations in the complaint as true and construe the facts in a light most favorable to the non-moving party."  *Dacosta v. Nwachukwa*, 304 F.3d 1045, 1047 (11th Cir. 2002) (citing *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1367 (11th Cir. 1998)).  "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal."  *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir. 2003) (citing *Marsh v. Butler County*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc)).  Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory."  *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).  Nevertheless, conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.  *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002); *see Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003) ("[A] plaintiff must plead specific facts, not mere conclusional allegations, to avoid dismissal for failure to state a claim.  We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted); *Kirwin v. Price Commc'ns. Corp.*, 274 F. Supp. 2d 1242, 1248 (M.D. Ala. 2003) ("[A]lthough the complaint must be read liberally in

favor of the plaintiff, the court may not make liberal inferences beyond what has actually been alleged."), *aff'd in part*, 391 F.3d 1323 (11th Cir. 2004).

### 2. Plaintiff's Complaint Survives a Rule 12(b)(6) Motion

Defendant does not elaborate on this Rule 12(b)(6) defense or provide any authority in support of it. Accordingly, the court does not know what specific claims or allegations he is challenging or what legal theory he seeks to assert (or challenge). Consequently, the court has no choice but to reject this argument. *Cleveland v. H.S.N, Inc.*, 369 F.3d 1189 (11th Cir. 2004) ("We find HSN's argument unpersuasive and waived for failure to provide any authority."). In any event, Plaintiff's complaint, taken as a whole, clearly sets forth adequate grounds for relief as a creditor's bill, *Backus v. Watson*, 619 So.2d 1342, 1343 (Ala. 1993), and asserts a theory of Defendant's individual liability on the basis of corporate veil-piercing and that Success is his alter ego. *Culp v. Economy Mobile Homes, Inc.*, 895 So. 2d 857, 860 (Ala. 2004) (quotation omitted); .

## IV. CONCLUSION

For the reasons state above, the court concludes that Defendant's Motion to Dismiss or Transfer is due to be denied. A separate order will be entered in accordance with this opinion.

**DONE** and **ORDERED** this ___31st___ day of January, 2007.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE